## PIERCE v CITY BAKING CO

Ohio Appeals, 9th Dist, Summit Co

No 2923. Decided March 16, 1938

Harris, Sacks & Subrin, Akron, for appellant.

Musser, Kimber & Huffman, Akron, for appellee.

**OPINION**

By DOYLE, J.

The plaintiff sought to recover damages for personal injury in the Court of Common Pleas of Summit county. She predicated her action on the claimed negligence of the defendant company in selling her a loaf of bread in which a cockroach was imbedded.

There was specifically charged in the petition a violation of the pure food laws of the state of Ohio, by the sale of "unwholesome and adulterated provisions" which were deleterious, and negligence in failing "to warn or apprise the plaintiff of the condition and deleterious contents of said bread."

It was further charged that a subsequent eating of the bread in a deleterious condition rendered her ill.

The defendant moved the court to arrest the evidence from the jury and direct a verdict in its favor, both at the conclusion of the plaintiff's case in chief and at the conclusion of all of the evidence. Both motions were overruled. A verdict was rendered by the jury in favor of the defendant, and judgment was entered thereon.

The plaintiff in the court below, the appellant in this court, presents this, her appeal on questions of law.

There are presented various assignments of error, which it is claimed were prejudicial to the rights of the appellant. They are important for consideration only if the evidence in the record is such that reasonable minds could reasonably conclude that the appellant had established legal liability on the part of the appellee. If the evidence does not support that conclusion, then it was the duty of the trial court to direct a verdict for the appellee. The evidence will be first considered.

The appellant testified to her purchase of the bread from the appellee's driver and her subsequent toasting of a slice of it. She said specifically—"So I was sitting there eating the toast and drinking coffee * * * and I glanced down to take another bite of the bread and I saw, when I bit into it,

when I started to take another. bite, there was a roach sticking out. I said 'Oh, my God, look what I am eating,' and I pushed it back from the table and got up * * *." There was no evidence which indicated that she ate any part of the roach unless such an inference can be drawn from the foregoing.

The evidence further disclosed that shortly after eating the bread she became ill.

There is no evidence in the record tending to prove that the dulterated bread was deleterious, nor that she suffered from food poisoning, unless from testimony related heretofore, and her subsequent illness. an inference may be drawn that it was unwholesome and deleterious and that food poisoning resulted from the eating thereof.

The Supreme Court of this state has pronounced the following rule as applicable to an action for personal injury growing out of an alleged violation of the pure food law:

"2. The language of §12760, GC, contemplates that the unwholesomeness prescribed shall consist of a diseased, corrupted, adulterated or other condition having the effect of rendering such food deleterious to the health of normal persons generally."

Great A. & P. Tea Co v Hughes, 131 Oh St, 501.

It is apparent that in so far as an action in tort is concerned the food sold must be deleterious to the health of normal persons generally.

We are of the opinion that the evidence in this case falls short of that required by law to affix a liability upon the appellee. And we are of the opinion that reasonable minds could not reasonably conclude from the evidence in this case that the appellant suffered damage as a direct and proximate result of the eating of unwholesome food sold her by the appellee contrary to the statutes.

The conclusion reached renders it unnecessary to pass upon the other claimed errors.

Judgment affirmed.

STEVENS, PJ. and WASHBURN, J, concur in judgment.